UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DEVON MICHAEL SAPPLETON                                                          PETITIONER

VERSUS                                                    CIVIL ACTION NO. 3:17CV479-TSL-RHW

WARDEN C. NASH                                                                    RESPONDENT

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Devon Michael Sappleton filed a 28 U.S.C. § 2241 petition for writ of habeas corpus while incarcerated at the Federal Correctional Complex at Yazoo City, Mississippi. Sappleton brings his petition under the savings clause of 28 U.S.C. § 2255(e). A jury in the United States District Court for the District of Maryland found Sappleton guilty of conspiracy to distribute and possession with intent to distribute various narcotics, as well as possession of ammunition by a convicted felon. *See United States v. Sappleton*, 68 Fed. App'x 438 (4th Cir. 2003). Sappleton had two prior state court felony drug convictions, which qualified him for a mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). As a consequence, the district court sentenced Sappleton to a term of life imprisonment. Sappleton filed an appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed his conviction and sentence.

Sappleton followed with a series of post-conviction motions. He filed an initial 28 U.S.C. § 2255 motion, which the district court denied. *See Sappleton v. United States*, No. PJM–11–491, 2011 WL 812036, at *1 (D.Md. Mar. 2, 2011). Sappleton then filed three successive § 2255 motions, which likewise were denied. *See Sappleton v. United States*, No. 14-3807, 2017 WL 1426001, at *1 (D.Md. Apr. 21, 2017). On June 16, 2017, Sappleton changed tactics and filed the instant § 2241 petition. He cites to *Mathis v. United States*, 136 S.Ct. 2243 (2016) and argues his predicate offenses do not qualify as prior convictions under 21 U.S.C. § 851(a).

Respondent argues Sappleton's petition does not satisfy the savings clause of § 2255(e); therefore, the petition should be dismissed for want of jurisdiction. Doc. [25].

## Law and Analysis

A federal prisoner, such as Sappleton, may seek post-conviction relief pursuant either to a 28 U.S.C. § 2241 habeas petition or a 28 U.S.C. § 2255 motion. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2241 petitions challenge the manner in which a sentence is being carried out and must be filed in the district where the prisoner is incarcerated. *Id.* Section 2255 motions are used to vacate, set aside, or correct a sentence based on errors that occurred "at or prior to sentencing." *Id.* Section 2255 motions are the primary means to collaterally attack a federal sentence and must be filed in the sentencing court. *Id.*

The "savings clause" of § 2255(e) provides a limited exception to the general rule that a § 2241 petition may not be used to challenge the validity of a sentence. *Id.* at 452. This exception allows a prisoner to challenge his federal sentence if the remedy available under § 2255 is inadequate or ineffective to test the legality of his detention. *Id.* The prisoner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Id.* Section 2241 "is not a mere substitute for § 2255". *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "inadequacy or inefficacy requirement is stringent." *Id.* A prisoner may not use § 2241 merely to avoid procedural hurdles presented by § 2255. *Pack*, 218 F.3d at 452-53. Prior unsuccessful § 2255 motions or an inability to meet the requirements for second or successive motions does not render remedies under § 2255 unavailable or ineffective. *Id.* To demonstrate the applicability of the savings clause, Sappleton must show (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a non-existent offense, and (2) his claim was foreclosed by circuit law at the time

when the claims should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

In his petition, Sappleton relies on the Supreme Court's ruling in *Mathis* to argue his enhanced sentence is unlawful. However, Sappleton fails to demonstrate the applicability of the savings clause to his conviction because he does not argue he was convicted of a now nonexistent offense. Instead, he merely challenges the validity of his sentence. Claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). Moreover, subsequent case law establishes that *Mathis* does not provide a basis for invoking the savings clause. *See Sharbutt v. Vasquez*, 749 F. App'x 307, 308 (5th Cir. 2019) ("Because *Mathis* implicates the validity of a sentencing enhancement, *Mathis* does not establish Sharbutt was convicted of a nonexistent offense ... Moreover, *Mathis* does not apply retroactively.") (citations omitted). Accordingly, Sappleton has failed to sustain his burden of showing the inadequacy or ineffectiveness of § 2255. Sappleton's § 2241 petition should be dismissed for lack of jurisdiction. *See Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Devon Michael Sappleton's 28 U.S.C. § 2241 petition be dismissed for lack of jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 1st day of April 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE